FILED

2010 APR -2 PM 5:07

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. CA.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH R GIANNINI,   No C 98-01201 SI

    Applicant.   ORDER

_____/

By letter dated March 9, 2010 ("Giannini Application"), Joseph R Giannini applies for leave to file an action regarding attorney admission requirements in California. See Giannini App. Specifically, Giannini seeks to challenge federal district court local rules in the Ninth Circuit that preclude attorneys admitted to practice before sister district courts from general admission and the California Bar's examination and admission rules for experienced sister-state attorneys. See id at 1.

Giannini applies for leave to file this action pursuant to a pre-filing order issued by the court in Paciulan v George, 98-CV-1201 SI. The Paciulan pre-filing order states:

> Joseph R. Giannini is hereby ENJOINED from filing any further actions, either as an attorney or a party, in the United States District Court for the Northern District of California, regarding admission to and the regulation of the practice of law in the State of California without first obtaining leave of

> the Chief Judge of this court. If Giannini wishes to file further actions regarding admission to and the regulation of practice of law in California, Giannini must attach a copy of this order to his application for leave to file such actions and supply a declaration supporting the application stating: (1) that the matters asserted in the new action have not previously been raised by him, as an attorney or a party, and disposed of on the merits by any court, state or federal; (2) that the claims are not frivolous or made in bad faith; and (3) that Giannini has conducted a reasonable investigation of the facts and certifies that they are accurate. Failure to comply with any of these conditions shall be sufficient grounds to deny the application or dismiss the action, and any violation of this injunction may be treated as contempt of court.

Paciulan v George, 38 F Supp 2d 1128, 1147 (ND Cal 1999) (Illston, J); see Giannini App at 2.

Giannini attaches to his application a complete copy of Paciulan and a declaration in support of his application ("Giannini Declaration"). For the following reasons, Giannini's application is DENIED.

I

Giannini's declaration fails to satisfy the requirements of the Paciulan pre-filing order in two respects.

First, Paciulan requires Giannini to declare that any new action asserts matters he has not raised previously as an attorney or party and that no state or federal court has disposed of on the merits. 38 F Supp 2d at 1147.

As plaintiff, attorney and director of the National Association for the Advancement of Multijurisdiction Practice ("NAAMJP"), Giannini has participated in numerous lawsuits

2

challenging the requirements for attorney admission of the California Bar and under federal district court local rules. See, e g, <u>Alfriend v State Bar of California</u>, No S172454 (petition for writ of mandate denied June 6, 2010) (challenging California Bar's examination and admission rules); <u>Paciulan</u>, 38 F Supp 2d at 1128 (challenging California Bar admission requirements); <u>McKenzie et al v George</u>, No 97-0403 SI (ND Cal Feb 4, 1997) (challenging California Bar admission rules); <u>Morrisette v Yu</u>, No 92-03253 (CD Cal May 26, 1993) (challenging California Bar and federal district court admission requirements); <u>Giannini v Real</u>, 911 F2d 354 (9th Cir 1990) (challenging California Bar and federal district court admission requirements); <u>Giannini v Committee of Bar Examiners</u>, 847 F2d 1434 (9th Cir 1988) (challenging California bar examination). Giannini and NAAMJP advocate adoption of "reciprocal admission on motion" for "experienced sister-state attorneys" by federal district courts and state courts. Giannini App at 1; see also NAAMJP website, available at http://mjplaw.org/index.html (last viewed March 24, 2010).

        Giannini asserts he meets <u>Paciulan</u>'s first requirement in the penultimate paragraph of his declaration in which he recites the language of the order. Giannini Decl at ¶9. Rather than point to specific claims he has not asserted previously, Giannini expects the court to imply his claims are new because of the time elapsed since <u>Giannini v Real</u>, 911 F2d 354 (9th Cir 1990), in which the Ninth Circuit dismissed all of Giannini's claims and upheld as constitutional the California Bar's attorney admission requirements and federal district court local rules requiring attorneys to be members in good standing of the California bar. Giannini Decl at

3

¶4-6. Giannini also cites the general "revolution in technology" since 1990, the recommended reforms to attorney admission rules by the Conference of Chief Justices and the American Bar Association's Commission on Multijurisdictional Practice and the unsupported assertion that thirty-nine states have adopted the relief he seeks. Id at ¶5. But Giannini's declaration fails to present the court with a single factual or legal matter his proposed new action would include that he has not asserted previously before another court. Giannini therefore fails to meet Paciulan's first requirement.

Moreover, Paciulan requires Giannini to state that his claims are not frivolous or made in bad faith. 38 F Supp 2d at 1147. Giannini states "good cause exists" for the filing of a new action for the same reasons he asks the court to imply his claims are novel. Giannini Decl at ¶5. In Paciulan, the court found "abundant evidence that [Giannini's case was] legally frivolous and was filed for an improper purpose." 38 F Supp 2d at 1147. Giannini's application fails to present new facts or legal claims that would permit the undersigned to reach a different conclusion.

II

For the above reasons, Giannini's declaration fails to satisfy the requirements of the Paciulan pre-filing order. Applicant's declaration merely recites the pre-filing order's language and states that Giannini has "fully complied with the Order issued by Judge Illston 11 years ago." Giannini Decl at ¶9. Because the applicant's submissions fail to state a single factual or legal matter his proposed new action would include that he has not asserted previously before another court, Giannini has failed

4

to establish compliance with that order. Accordingly, Giannini's application is DENIED.

While applicant does not appear to do so, Giannini, like any member of the public, may submit a written suggestion for amendment of this district's civil local rules regarding attorney admission. Civ LR 83-3(b). "Such suggestions shall be directed to the Chief Judge, who shall refer the matter to the Local Rules Advisory Committee for consideration. Upon such referral, the Local Rules Advisory Committee shall acknowledge receipt of the suggestion to the author and evaluate it in accordance with Civil LR 83-2." Id.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PACIULAN,

        Plaintiff,

v.

GEORGE, ET AL et al,

        Defendant.

JOSEPH R GIANNINI,

        Applicant.
                                    /

Case Number: C98-01201 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph R. Giannini
Attorney at Law
2950 Bentley Ave
# 2
Los Angeles, CA 90064

cc: Judge Illston

Dated: April 2, 2010

Richard W. Wieking, Clerk
By: Cora Klein, Deputy Clerk

*Cora Klein*

Joseph R. Giannini
Attorney at Law
2950 Bentley Ave
# 2
Los Angeles, CA 90064

C98-01201 SI